UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HMC ASSETS, LLC, SOLELY IN ITS
CAPACITY AS SEPARATE TRUSTEE
OF CAM MORTGAGE TRUST 2013-1,
    Plaintiff,


     v.                                    CIVIL ACTION NO.
                                        14-10321-MBB

MARION R. CONLEY,
    Defendant.


**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**March 30, 2017**


**BOWLER, U.S.M.J.**

On January 23, 2017, this court conducted a bench trial on the remaining claims in this mortgage foreclosure action. Defendant Marion R. Conley ("defendant") was the only witness testifying at the one-day trial.  At the close of the evidence, plaintiff HMC Assets, LLC, solely in its capacity as separate trustee of CAM Mortgage Trust 2013-1, ("HMC as Trustee") filed a renewed motion for judgment under Fed.R.Civ.P. 52(c) (Docket Entry # 104), which this court took under advisement.  On January 30, 2017, defendant filed a request for rulings.  (Docket Entry # 109).

PROCEDURAL BACKGROUND

HMC as Trustee filed this action on February 13, 2014.  In August 2016, this court issued a Memorandum and Order resolving a

majority of the counts in an amended complaint (Docket Entry # 11) and in a counterclaim (Docket Entry # 27). (Docket Entry # 84). As a result of these rulings, a voluntary dismissal of Count III in the amended complaint (Docket Entry # 44) and a stipulation with respect to Count V in the amended complaint (Docket Entry # 95), the following claims remain: (1) Count Six in the amended complaint for a writ of assistance from the court; (2) Count One in the counterclaim for a determination by the court of the rights of the parties with respect to the property pursuant to Massachusetts General Laws chapter 185 ("chapter 185"), section 114 ("section 114"); and (3) Count Six of the counterclaim which seeks an accounting of the fees and costs assessed to defendant's account at any time she was in default.

With respect to Count Six in the amended complaint, defendant contends that HMC as Trustee can only seek possession of the property in state court under Massachusetts General Laws chapter 239, section one. (Docket Entry # 105).[1] As to Count One in the counterclaim, defendant "concedes that" the count "may have been decided by the Court if her accounting counterclaim fails." (Docket Entry # 92). As a result, the accounting claim formed the primary basis for the nonjury trial.

The accounting claim pled in the counterclaim asserts that

---

[1] Defendant's request for rulings elaborates the above position. (Docket Entry # 109).

defendant "is entitled to a complete accounting, together with proof of invoicing and proof of payment(s) for all fees, costs, charges and/or expenses that were assessed to her account at any time she was purportedly in default." (Docket Entry # 27, ¶ 102). It does not cite any legal or equitable authority for the cause of action. The claim alleges that defendant asked HMC as Trustee or its agents or loan servicers about amounts due on a mortgage before and after a March 2014 foreclosure but was left "to wonder what was legitimately owed and when." (Docket Entry # 27, ¶ 102). HMC as Trustee did not address the claim in seeking summary judgment on the counterclaim. (Docket Entry # 84, p. 73).

In the proposed jury instructions in the pretrial memorandum, defendant elucidates the legal basis for the claim by identifying two statutes under which she seeks relief. Specifically, the proposed instructions assert entitlement to "an accurate accounting of the amounts" plaintiff owed on the basis of Massachusetts General Laws chapter 183, section 27 ("section 27"), and Massachusetts General Laws chapter 244, section 20 ("section 20"). With respect to section 27, the proposed instructions cite a case interpreting section 27, <u>Duclersaint v. Federal National Mortgage Association</u>, 696 N.E.2d 536 (Mass. 1998) ("<u>Duclersaint</u>"). The proposed instructions also cite an unpublished Massachusetts Appeals Court case, <u>Riverview</u>

3

Apartments, LLC v. City National Bank, 34 N.E.3d 780
(Mass.App.Ct. 2015) (unpublished Rule 1:28 decision)
("Riverview"), which discusses section 20 and, to a lesser
extent, section 27.  (Docket Entry # 92).  Neither case sets out
a new legal theory to obtain an accounting.

At the final pretrial conference, defendant's counsel
represented and confirmed that sections 20 and 27 provide the
basis for Count Six.  At the outset of trial, this court asked
defendant's counsel if the two statues, sections 20 and 27,
constituted the two statutes under which defendant sought an
accounting.  Defendant's counsel again confirmed that sections 20
and 27 were the only statutes under which defendant sought relief
with the exception of 12 C.F.R. § 1026.41.[2]  In response to a
question by this court, defendant's counsel agreed there was no

---

[2]  Defendant's request for rulings does not cite or rely on
12 C.F.R. § 1026.41.  (Docket Entry # 109).  Neither the
counterclaim (Docket Entry # 27, pp. 9-28) nor the pretrial
memorandum (Docket Entry # 92) and related filings (Docket Entry
## 97, 101, 105) refer to the regulation.  The Truth in Lending
regulation "require[s] servicers to provide mortgage borrowers a
periodic statement each billing cycle containing certain
information about their loans."  Faiella v. Green Tree Servicing
LLC, 2017 WL 589096, at *3 (D.N.H. Feb. 14, 2017).  Given the
lack of any developed argument to support an accounting claim or
relief under this regulation, defendant waived the assertion that
it provides a basis for the accounting claim in Count Six of the
counterclaim.  See O'Connell v. Marrero-Recio, 724 F.3d 117, 124
(1st Cir. 2013); Coons v. Industrial Knife Co., Inc., 620 F.3d
38, 44 (1st Cir. 2010); Maine Green Party v. Maine, Sec. of
State, 173 F.3d 1, 4 & n.4 (1st Cir. 1999) (discussing waiver and
noting that district judge entitled to reject plaintiff's new
argument based on waiver).

other legal authority for the accounting counterclaim besides the aforementioned regulation and sections 27 and 20.  Trial was therefore conducted based on these statutory claims for an accounting.[3]

## FINDINGS OF FACT

On August 15, 2006, defendant executed a note and refinanced a mortgage in the face amount of $800,000 on 23 Golf View Drive in Nantucket, Massachusetts ("the property").  Defendant, as mortgagor, gave the mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for American Home Mortgage.  (Ex. 1). At the time, defendant received documentation from the loan servicer but could not understand the reason for charges in the documentation.  Unable to obtain information about the charges from the loan servicer, she retained an attorney.

Defendant testified that she "had the house since 1987." Since 2010, she has lived at the property on a full-time basis. In fact, she remained in possession of the property up to the time of the trial.

Through a series of assignments, HMC as Trustee became the holder of the mortgage.  Meanwhile, defendant fell behind in

---

[3] Defendant thus waived any other statutory or equitable common law claim for an accounting.  See O'Connell v. Marrero-Recio, 724 F.3d at 124; Coons v. Industrial Knife Co., Inc., 620 F.3d at 44 ("district court was 'free to disregard' the state law argument that was not developed in Coons's brief"); Maine Green Party v. Maine, Sec. of State, 173 F.3d at 4 & n.4.

principal and interest payments.  In February 2014, BSI Financial Services, Inc. ("BSI"), as attorney-in-fact for HMC as Trustee, scheduled and noticed a foreclosure sale for March 7, 2014.  A foreclosure and sale of the property took place on March 7, 2014. BSI, again as the attorney-in-fact of HMC as Trustee, conducted the non-judicial foreclosure.  HMC as Trustee purchased the property for $675,000.

A March 18, 2014 mortgage statement sent to defendant sets out "FC Costs," i.e., foreclosure costs, of $655 as of February 26, 2014.  The statement also disclosed "total fees" of $1,777.50, outstanding principal of $850,916.54, and a total amount due of $206,935.  Defendant testified that there was no itemization or documentation for these figures and she did not know the basis for any of the figures.

By letter dated July 8, 2014, an attorney for HMC as Trustee sent defendant a letter containing an "itemized accounting of the proceeds arising from the foreclosure sale."  (Ex. K).  The letter itemizes the following:  a sale price of $675,000; principal, interest, late charges, and escrow in the amount of $964,173.51; and foreclosure fees and costs in the amount of $12,183.62.[4]  (Ex. K).  The letter also stated that there was no

---

[4]  Citing a factual finding in the August 2016 Memorandum and Order adjudicating HMC as Trustee's summary judgment motion, defendant states in the post-trial request for rulings that the figures in the July 8, 2014 letter differ from the $995,868.27 figure of the total debt owed under the note at the time of the

auctioneer commission or surplus.  (Ex. K).  Defendant testified that as of July 8, 2014, she did not know the amount of the principal, the interest, the late charges, the escrow, the costs, and the attorney's fees.

Defendant was then shown a March 25, 2013 notice of default addressed to her which listed various figures.  Again, she testified that she did not know what the numbers meant or the justification for "other fees" in the amount of $4,735.91.  After being shown a June 13, 2013 request for payment, she stated that she had no idea what the numbers set out in the document meant, including a payment designated as a "corporate advance."  She stated that no one explained the "corporate advance" figure to her.

Defendant, who acknowledged she no longer owns the property, remains in possession of the property.  Notwithstanding the purchase of the property at the foreclosure, this court draws the reasonable inference that HMC as Trustee has not had possession of the property at any point in time.

CONCLUSIONS OF LAW

I.  Accounting Claim

_____

foreclosure.  (Docket Entry # 109).  This finding of *fact* was not the *law* of the case.  The summary judgment ruling did not enter any order under Fed.R.Civ.P. 56(g) treating the $995,868.27 figure as "established in [this] case."  Fed.R.Civ.P. 56(g).  At trial, defendant did not offer any evidence to establish the $995,868.27 figure or otherwise enter into a stipulation.

Defendant seeks an accounting under sections 27 and 20. Examining the statutes seriatim, HMC as Trustee submits that the language of section 27 stays an accounting where, as here, the foreclosure "'sale is subject to further legal proceedings.'" (Docket Entry # 96, p. 11) (quoting section 27).

Section 27 states that, in the context of a non-judicial foreclosure sale, a mortgage holder "shall be entitled to retain" the sums secured by the mortgage and "render[] the surplus, if any, to the mortgagor . . .." Mass. Gen. Laws ch. 183, § 27. Section 27 thereby imposes a "statutory duty" on the mortgagee purchasing the property at a non-judicial foreclosure to "relinquish any surplus to the plaintiff." Duclersaint v. Federal National Mortgage Association, 696 N.E.2d at 539.[5] In a separate paragraph, the statute states that the mortgage holder:

> *shall provide* to the mortgagor or the mortgagor's heirs, successors or assigns a written notice containing *an itemized accounting* of the disposition of the proceeds arising from a sale under the power of sale including, but not limited to, the sale price, legal fees, auctioneer fees, publication costs and other fees, and any surplus due to the mortgagor, *within 60 days after the receipt of such funds provided, that if such sale is subject to further legal proceedings, such accounting shall be stayed until the conclusion of such proceedings.*

Mass. Gen. Laws ch. § 183, § 27 (emphasis added).

Statutory interpretation "always starts with the language of

---

[5] Duclersaint is distinguishable from the case at bar for the reasons stated by HMC as Trustee. (Docket Entry # 96, pp. 11-12).

the statute itself." <u>Matamoros v. Starbucks Corp.</u>, 699 F.3d 129, 134 (1st Cir. 2012) (interpreting Massachusetts law).  Typically, "the ordinary meaning of the statutory language" applies.  <u>Id.</u>  This case is no exception.  The plain language of section 27 requires the mortgage holder to provide an accounting of the items listed in the statute to the mortgagor within 60 days after receiving the foreclosure funds "provided, that if" the "sale is subject to further legal proceedings, such accounting is stayed until the conclusion of such proceedings."  Mass. Gen. Laws ch. 183, § 27.

The ordinary meaning of this language is that there is no obligation to provide an accounting "until the conclusion" of these legal proceedings.  Mass. Gen. Laws ch. 183, § 27.  At this juncture, HMC as Trustee is not required to provide an accounting because any such accounting is stayed until the conclusion of this litigation.  Mass. Gen. Laws ch. 183, § 27.  Consequently, the accounting claim under section 27 "is premature, as the mortgagee's duty has not yet attached because of the litigation brought by the plaintiff[]."  <u>Flores v. OneWest Bank, F.S.B.</u>, 172 F.Supp.3d 391, 396 n.5 (D.Mass. 2016), <u>appeal</u> <u>filed</u>, No. 16-1385 (1st Cir. April 8, 2016).  The accounting claim based on section 27 is therefore denied without prejudice.

It is also worth noting that defendant is not without a remedy.  In equity, she had a right of redemption prior to the

9

foreclosure sale.  See Williams v. Resolution GGF OY, 630 N.E.2d 581, 585 (Mass. 1994).  Incidental to the right of redemption, she "had a right to an accounting." Id.; see also Washington Mut. Bank, F.A. v. Spencer, 278920 AHS, 2006 WL 3598399, at *7, n.14 (Mass. Land Ct. Dec. 11, 2006).  The foreclosure deed and the purchase of the property by HMC as Trustee, however, granted the property to HMC as Trustee and terminated defendant's right of redemption along with her right to an accounting.  Williams v. Resolution GGF OY, 630 N.E.2d at 585 ("execution of the memorandum of sale terminated [mortgagors'] equity of redemption").  In any event, defendant waived any present right to an *equitable* accounting because she confirmed that sections 27 and 20 (as well as 12 C.F.R. § 1026.41) constituted the only legal authority for Count Six.  Finally, after the conclusion of these proceedings, defendant will have the ability to request and obtain an accounting under section 27.

Turning to defendant's entitlement to an accounting under section 20, HMC as Trustee asserts that the statute provides no relief because defendant "has remained in possession of the property." (Docket Entry # 96, p. 13).  Section 20 reads as follows:

> *If the mortgagee or person claiming or holding under him has had possession of the land*, he shall account for rents and profits, and be allowed for all amounts expended in reasonable repairs and improvements, for all lawful taxes and assessments paid and for all other necessary expenses in the care and management of the land.  A balance of such

10

> account, if due from him, shall be deducted from the debt
> due on the mortgage; if due to him, shall be added to the
> debt, and paid or tendered as such.

Mass. Gen. Laws ch. 244, § 20 (emphasis added).  Here again, the
ordinary and plain language of the statute precludes any claim
for an accounting under section 20.  HMC as Trustee never "had
possession" of the property within the meaning of section 20.
Rather, defendant remained in possession of the property after
the foreclosure and throughout this litigation.  For the same
reason, defendant's reliance on <u>Riverview Apartments, LLC v. City
Nat. Bank</u>, 34 N.E.3d 780 (Mass. App. 2015), is misplaced.  As
correctly pointed out by HMC as Trustee (Docket Entry # 96, pp.
13-14), the mortgagee bank in <u>Riverview</u> took possession and
control of the property and noticed a foreclosure sale.

As a final matter, defendant maintains that a mortgagee such
as HMC as Trustee which purchases the property at a non-judicial
foreclosure sale is "held to the strictest good faith and utmost
diligence," <u>Williams v. Resolution GGF OY</u>, 630 N.E.2d at 383.
This is true but the principle does not override the statutory
language which is contingent upon the mortgagee being in
possession of the property.  Because HMC as Trustee was never in
possession of the property, there is no duty to account to
defendant for rents and profits as well as the other items
delineated in section 20.  Section 20 fails to support the
accounting claim in Count Six of the counterclaim and the count

11

otherwise lacks merit.

II.  Section 114

In Count One of the counterclaim, defendant seeks a determination of the rights of the parties in the property, which is registered land, pursuant to section 114.  As noted above, in the pretrial memorandum, defendant "concedes that Counterclaim Count One may have been decided by the Court if her accounting counterclaim fails."  (Docket Entry # 92).  Defendant further reasons that the ability of HMC as Trustee to account for all the fees "goes to the heart of whether the foreclosure was valid or not."  (Docket Entry # 101).  Defendant presently submits that the Land Court Department has "exclusive original jurisdiction" to determine the validity of the documents recorded at the Nantucket Registry of Deeds pursuant to chapter 185, section 1(a½).[6]  (Docket Entry ## 105, 109).  HMC as Trustee argues that defendant is not a "registered owner or other person in interest" within the meaning of section 114 and therefore not entitled to obtain any changes in the documents pertaining to the property filed at the Nantucket Registry of Deeds.  (Docket Entry # 103).

The enabling statute of chapter 185, section one, states

---

[6]  Section 1(a½) provides that, "The land court department . . . shall have exclusive original jurisdiction of the following matters: . . . (a½) Complaints affecting title to registered land, with the exception of actions commenced pursuant to chapter two hundred and eight or two hundred and nine."  Mass. Gen. Laws ch. 185, § 1(a½).

12

that, "The land court department shall have exclusive

jurisdiction of . . . [c]omplaints affecting title to registered

land . . .." Mass. Gen. Laws ch. 185, § 1.  The jurisdiction of

this court is based on the diversity of the parties.  (Docket

Entry # 11).  As explained in <u>McLaron v. Deutsche Bank Nat. Trust

Co.</u>, 2015 WL 4207127 (D.Mass. July 10, 2015), <u>aff'd</u>, (1st Cir.

July 1, 2016) (No. 15-1866):

> While it may be true that the Massachusetts Land Court has
> "exclusive original jurisdiction" over "actions to try title
> to real estate" among the state courts, "where the requisite
> diversity of citizenship and amount in controversy are
> present, a state statute cannot defeat federal
> jurisdiction." Mass. Gen. Laws ch. 185 § 1; <u>Larace v. Wells
> Fargo Bank, N.A.</u>, 972 F.Supp.2d 147, 151 (D.Mass.2013)
> (quoting <u>Monogram Indus., Inc. v. Zellen</u>, 467 F.Supp. 122,
> 123 (D.Mass.1979)).

<u>McLaron v. Deutsche Bank Nat. Trust Co.</u>, 2015 WL 4207127, at *2.

Thus, whereas the exclusive grant of jurisdiction by the state

legislature to the Land Court Department "may restrict other

state courts' jurisdiction, '[a] grant of exclusive jurisdiction

by a state legislature cannot divest a federal court of subject

matter jurisdiction.'"  <u>Sheehy v. Consumer Sols. 3, LLC</u>, 2013 WL

1748442, at *1 (D.Mass. Apr. 22, 2013).  Defendant's argument

that this court lacks jurisdiction is therefore not convincing.

   Turning to HMC as Trustee's argument that defendant is not a

"person in interest" under section 114, section 54 of chapter 185

declares that, "Original and transfer certificates of title are

'conclusive as to all matters contained therein,' except as

otherwise provided in the statute." <u>Doyle v. Com.</u>, 830 N.E.2d 1074, 1079 (Mass. 2005) (quoting chapter 185, section 54).  As stated repeatedly by the Massachusetts Supreme Judicial Court, "'"[T]he underlying purpose of title registration is to protect the transferee of a registered title."'"  <u>Id.</u> (quoting <u>Wild v. Constantini</u>, 615 N.E.2d 557, 560 (Mass. 1993), quoting <u>Kozdras v. Land/Vest Props., Inc.</u>, 413 N.E.2d 1105, 1112 (Mass. 1980)).

Section 114, however, provides a mechanism for a "party in interest" to apply to the Land Court Department to correct certain categories of errors and omissions in "a certificate of title or a memorandum thereon" and "order the entry of a new certificate, the entry or cancellation of a memorandum upon a certificate, or grant any other relief . . . as it may consider proper."  Mass. Gen. Laws ch. 185, § 114.  The scope of the exception created in section 114 is limited by section 70 of chapter 185.  <u>In re Schiavone</u>, 2016 WL 7496166, at *8 (Mass. Land Ct. Dec. 20, 2016) (referring to section 114 and noting that, "scope of this exception is limited by G.L. c. 185, § 70").  With respect to a non-judicial foreclosure under a mortgage on registered land, section 70 states, in pertinent part, that:

> In case of foreclosure by exercising the power of sale
> without a previous judgement[sic] of court, the affidavit
> required by section fifteen of chapter two hundred and
> forty-four shall be filed and registered with the assistant
> recorder, in lieu of recording.  The purchaser at the
> foreclosure sale or his assigns may thereupon at any time
> present the deed under the power of sale to the assistant
> recorder for filing and registration, and obtain a new

certificate; but this chapter shall not prevent *the mortgagor* or other person in interest, *prior to the entry of a new certificate of title,* from directly impeaching, by bill in equity or otherwise, any foreclosure proceedings affecting registered land.

Mass. Gen. Laws ch. 185, § 70 (emphasis added).

After the foreclosure sale, HMC as Trustee registered the foreclosure deed on April 7, 2014 at the Nantucket Registry of Deeds as document number 144123 and as noted on certificate of title number 25168. (Ex. K). The Memorandum and Order sets out the valid chain of mortgage assignments up to the foreclosure notice and sale. (Docket Entry # 84, pp. 36-45). This court also held that, "plaintiff has met its burden in showing there are no material facts in dispute regarding its legal title to the property and *claim for possession*." (Docket Entry # 84, pp. 72-73) (emphasis added). Accordingly, defendant no longer has a claim that she holds a valid title to the mortgage. See Sullivan v. Kondaur Capital Corp., 7 N.E.3d 1113, 1117 n.11 (Mass.App.Ct. 2014); In re Schiavone, 2016 WL 7496166, at *8-9. Consequently, under sections 70 and 114, defendant is not, at present, a "person in interest" within the meaning of section 114. In the alternative and as argued by HMC as Trustee (Docket Entry 96, n. 2), defendant's concession that Count One in the counterclaim was decided by this court in the Memorandum and Order if the accounting claim fails (Docket Entry # 92), which it does, forecloses relief under Count One.

15

III.  <u>Writ of Assistance</u>

Defendant maintains that Count Six in the amended complaint does not entitle HMC as Trustee to any relief because it arises in equity and HMC as Trustee has an adequate remedy at law, namely, a summary process proceeding to obtain possession of the property.  (Docket Entry # 109).  Simply stated, defendant contends that summary process under the summary process statute, Mass. Gen. Laws ch. 239, §§ 1 et seq., provides an adequate and complete remedy at law.  (Docket Entry # 105, p. 5) (Docket Entry # 109, ¶¶ 17-19).  She therefore submits that this court should require HMC as Trustee to seek such possession in state court under the summary process statute.  (Docket Entry # 105).

First, Count Six in the amended complaint seeks relief under the summary process statute.  (Docket Entry # 11, ¶¶ 58-59). Defendant therefore misconstrues the nature of Count Six by asserting that the claim or relief in the count arises solely in equity.

Second, with respect to defendant's argument that HMC as Trustee must proceed in state court, the court in <u>Foregger v. Residential Credit Sols., Inc.</u>, 2013 WL 6388665, at *8 (D.Mass. Dec. 5, 2013), rejected a similar argument.  As explained previously and in <u>Foregger</u>, "'"a grant of exclusive jurisdiction by a state legislature cannot divest a federal court of subject matter jurisdiction."'"  <u>Id.</u>

16

Third, once HMC as Trustee obtains a judgment, Federal Rule of Civil Procedure 70(d) ("Rule 70") explicitly states that, "the Clerk must issue a writ of execution or assistance." Fed.R.Civ.P. 70(d).  The rule therefore entitles HMC as Trustee to a writ of assistance in this court once HMC as Trustee obtains a judgment.  Accordingly, there is no legal basis to require HMC as Trustee to return to state court to enforce a judgment entered by this court.

Fourth, "In a summary process action for possession after foreclosure by sale, the plaintiff is required to make a prima facie showing that it obtained a deed to the property at issue and that the deed and affidavit of sale, showing compliance with statutory foreclosure requirements, were recorded." Bank of New York v. Bailey, 951 N.E.2d 331, 336 (Mass. 2011); accord Shapiro v. Aurora Loan Services, LLC, 2013 WL 1149929, at *2 (D.Mass. Mar. 18, 2013).  HMC as Trustee made the requisite showing (Ex. K) and defendant does not address the merits of the claim. Accordingly and as previously determined (Docket Entry # 84, pp. 72-73), HMC as Trustee is entitled to possession of the property. Finally, to the extent HMC as Trustee asserts that the count merely seeks a remedy in the form of a writ of assistance, it may seek post-judgment relief under Federal Rules of Civil Procedure 69 and 70.

As a final matter, it also appears that HMC as trustee may be a prevailing party and entitled to costs under Fed.R.Civ.P. 54(d)(1).  This court will make this determination at the time it enters final judgment.

<u>CONCLUSION</u>

In accordance with the foregoing discussion, the adjudication of the claims in the Memorandum and Order (Docket Entry # 84), the stipulation as to Count V of the amended complaint (Docket Entry # 95), and the voluntary dismissal of Count III of the amended complaint (Docket Entry # 44), HMC as Trustee is entitled to a dismissal without prejudice of Count III of the amended complaint, an Order affirming the terms of the stipulation (Docket Entry # 95) as to Count V of the amended complaint, and a declaration that the March 7, 2014 foreclosure was valid under Count II of the amended complaint.  All of the remaining claims in the amended complaint and in the counterclaim have been adjudicated in favor of HMC as Trustee.  The amount of damages for the breach of contract claim in Count I of the amended complaint, however, remains outstanding.  HMC as Trustee is instructed to advise this court within ten days whether it wishes to pursue such damages.

      /s/ Marianne B. Bowler     
**MARIANNE B. BOWLER**
United States Magistrate Judge

18